IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY J WILLIAMS,

    Plaintiff,
v.                                                CASE NO. 1:18-cv-252-AW-GRJ

T WIMBERLEY; T BARWICK;
And R ROSELL,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Florida Department of Corrections ("DOC"), initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 31 ("Complaint"). At the time the Complaint was filed, Plaintiff was confined at Mayo Correctional Institution and his claims pertain to the conditions of confinement at Mayo CI. *See* ECF No. 31. Specifically, Plaintiff claims that his rights as a Muslim inmate were violated by three corrections officers at Mayo CI when they forced Plaintiff to clean-shave, in violation of the DOC's half-inch beard policy. *Id.* Plaintiff was transferred to Martin Correctional Institution in April 2019 and he remains confined there. ECF No. 23.

This case is now before the Court on ECF No. 48, Defendants' motion for summary judgment. ECF No. 48. The Court issued a summary judgment notice to Plaintiff, informing Plaintiff of the procedures for responding to the motion and the consequences of failing to do so. Specifically, Plaintiff was cautioned that: "(1) failing to respond to Defendants' summary judgment motion will indicate that the motion is not opposed; [and] (2) all material facts asserted in the motion will be considered admitted unless controverted by proper evidentiary materials[.]" ECF No. 49. The Court set a response deadline of December 4, 2019. *Id.* As of this date, Plaintiff has neither responded to the summary judgment nor sought an extension of time to do so. For the following reasons, it is respectfully recommended that Defendants' motion for summary judgment be granted.

## I. PLAINTIFF'S CLAIMS

According to the allegations of the Complaint, Plaintiff is a practicing Muslim who follows his sincerely-held religious belief of wearing a beard, which is authorized by the DOC's "half-inch beard rule" codified at Florida Administrative Code Rule 33-602.101(4). Plaintiff was an inmate barber at Mayo CI and filed a successful grievance regarding the prison's failure to

provide one-half inch clipper guards. Subsequently, on three separate occasions from August to December 2018, Defendants arbitrarily ordered Plaintiff to clean-shave, claiming that Plaintiff was in violation of the half-inch beard rule. Plaintiff complied because Defendants threatened him with disciplinary action and confinement. ECF No. 31 at 5-10.

Plaintiff asserts that Defendants' actions violated his rights under the free exercise clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000 *et seq.*, and Florida's Religious Freedom Restoration Act ("RFRA"), Fla. Stat. § 761.05(1)-(2). For relief, Plaintiff seeks $15,000 in compensatory damages and $15,000 in punitive damages against each Defendant. Plaintiff also seeks "all relief that this Court deems necessary and/or adequate for the State and Federal law claims. And any additional relief this Court deems just, proper, and equitable." ECF No. 31 at 13.

## II. **DEFENDANTS' MOTION**

Defendants contend that they are entitled to summary judgment for the following reasons: (1) Plaintiff's claim for monetary damages is barred, except to the extent he seeks nominal damages for the asserted constitutional violation; (2) Defendants are entitled to sovereign immunity

for all official capacity claims pursuant to the Eleventh Amendment; and (3) Mootness prohibits the Court from issuing injunctive relief. ECF No. 48.

In support of the motion, Defendants submit the declarations of the DOC's custodian of inmate classification records and custodian of records for grievance appeals attesting that Plaintiff requested a transfer away from Mayo CI due to gang-related activity. Since Plaintiff's transfer to Martin CI in April 2019, Plaintiff has filed no grievances or appeals concerning his ability to maintain a one-half inch beard in accordance with his religious beliefs. ECF No. 48-1 (declaration of Janet Ingraham); 48-2 (declaration of Lawanda Sanders).

### III. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Further, for purposes of summary judgment, the Court may also consider as summary judgment evidence the factual allegations – but not the legal conclusions – contained in his verified pleadings. *See United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991); *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980); *Fowler v. S.*

*Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## IV. DISCUSSION

In view of Plaintiff's transfer subsequent to filing this case, the Court first turns to the issue of mootness. A prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (noting that, in this circumstance, there is no longer a "case or controversy once the inmate has been transferred"); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."). Nor will there be any case or controversy when the chance of a prisoner's return to the offending facility is too speculative. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that a prisoner's claim for injunctive relief was moot since he was no longer being held in the jail with the conditions he

had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative).

In this case, Plaintiff's transfer to Martin CI renders moot any claim for injunctive relief against the three Mayo CI corrections officers named as Defendants. Even if Plaintiff prevails on his claims that the officers arbitrarily enforced the half-inch beard regulation and improperly threatened him with confinement if he refused to shave, this Court cannot grant any effectual injunctive relief to Plaintiff because he is no longer subject to the authority of the named Defendants. *See Owens v. Centurion Medical,* 778 Fed.Appx. 754 (11th Cir. 2019) (unpublished)[1] (claim for injunctive relief in the form of providing prescription medication and sun protection became moot when Plaintiff was transferred away from prison where alleged deliberate indifference occurred). Nor do any mootness exceptions apply under these circumstances. There is no reasonable expectation that the three named Defendants will continue to violate Plaintiff's rights under the half-inch beard rule, and any possible transfer back to Mayo CI is too speculative. *See Owen,* 778 Fed.Appx at *758-59

---

[1] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

(citing *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (prisoner's claim for injunctive relief was moot since he was no longer being held in the jail with the conditions he had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative)). Defendants' uncontroverted summary-judgment evidence reflects that Plaintiff has not complained of any ongoing violations of the half-inch beard rule while confined at Martin CI. *See* ECF Nos. 48-1, 48-2.

Turning to Plaintiff's claim for monetary damages, even liberally construed the Amended Complaint asserts claims against the three Defendants only in their individual capacities. *See* ECF No. 31. Eleventh Amendment immunity does not apply to individual capacity claims, and therefore it is unnecessary to address Defendants' argument that Eleventh Amendment immunity bars Plaintiff's damages claim.

It is well settled, however, that a prisoner cannot recover compensatory or punitive damages for a constitutional violation under § 1983 unless he can demonstrate more than a *de minimis* physical injury. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (collecting cases construing § 1997e(e) of the PLRA). Where the physical injury is *de minimis* or, in some circumstances, where there is no physical injury the

plaintiff can only recover nominal damages. *Id*. Florida law also precludes claims for monetary damages for mental or emotional injury, absent an allegation of physical injury. Fla. Stat. § 57.085(6). Thus, Plaintiff is not entitled to compensatory or punitive damages because such claims are barred by the PLRA and state law.

Plaintiff claims that Defendants' actions also amount to a statutory violation of RLUIPA. RLUIPA was enacted to prevent the government from imposing substantial burdens on the religious exercise of an institutionalized individual unless the government can show that the burden was "the least restrictive means of furthering a compelling governmental interest." *See* 42 U.S.C. § 2000cc–1. RLUIPA allows a plaintiff to bring a private cause of action for "appropriate relief against a government." 42 U.S.C. § 2000cc–2(a). RLUIPA does not, however, "creat[e] a private action against individual defendants for monetary damages." *See Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007), *partly abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). Thus, Plaintiff is not entitled to seek any monetary damages against the named individual Defendants for alleged violations of RLUIPA.

A district court must consider whether a plaintiff's complaint could be liberally construed to request nominal damages for a claimed constitutional violation. *See Williams v. Brown,* 347 Fed. App'x 429, 436–37 (11th Cir. 2009) (unpublished) (determining that the district court did not consider whether plaintiff's *pro se* complaint requesting monetary and injunctive relief should be liberally construed to request nominal damages and remanding the case to the district court to consider plaintiff's potential nominal damages claim). In this case, Plaintiff's request for "all relief that this court deems necessary and/or adequate" and "any additional relief" should be construed as including a request for nominal damages with respect to his First Amendment free-exercise claim. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' "); *Boxer X v. Donald,* 169 F. App'x 555, 559 (11th Cir. 2006) (concluding that plaintiff "did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deems appropriate'"); *Holloway v. Bizzaro,* 571 F.Supp.2d 1270, 1272 (S.D. Fla. 2008) ("Complaints which have been liberally construed to raise a request for nominal damages or equitable relief contain such phrases as 'such other relief as may appear that Plaintiff is entitled' or similar language.").

Plaintiff has not opposed Defendants' summary judgment motion, and therefore it is unclear whether he has abandoned this case or intends to pursue a claim for nominal damages only. In view of Plaintiff's *pro se* status, he should be afforded an opportunity to file an amended complaint that asserts only a claim for nominal damages stemming from his free-exercise claim.[2]

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment, ECF No. 48, should be **GRANTED,** and that the Amended Complaint should be **DISMISSED** with leave to file a second amended complaint that asserts only a claim for nominal damages for the alleged constitutional violation.

**IN CHAMBERS** this 7th day of May 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] The Court advises Plaintiff that if he prevails against the Defendants in this action, nominal damages are limited to a mere token or trivial sum, typically $1.00. *See Quainoo v. City of Huntsville, Ala.,* 611 F. App'x 953, 955 (11th Cir. 2015) (defining nominal damages as $1 or $100); *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (noting "nominal damages do not generally exceed one dollar").

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**